UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL ARRINGTON** | ) | **CASE NO. 1:05 CV 1657** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| Defendant. | ) | |

Before this Court is the *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Plaintiff Michael Arrington ("Petition") **(ECF No. 1)**. For the reasons to follow, the Motion is **DENIED** and the case is summarily dismissed.

**I.**

On December 2, 2003, Arrington was convicted, pursuant to a guilty plea under a written plea agreement, of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and of one count of conspiracy to possess with the intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. § 846. *See Case No. 1:03 CR 131; ECF Nos. 49,* ("Plea

Agreement"), *71,* ("Judgment and Commitment"), *101,* ("Change of Plea Hr'g Tr."). He was sentenced to 210 months imprisonment, the low end of the Guidelines range for offense level 32, Criminal History Category VI (210-262 months). *Judgment and Commitment,* at 2; *ECF No. 106, Sentencing Hr'g Tr.,* at 27-28, 30.

On June 22, 2005, Arrington filed the instant § 2255 Petition, arguing that he was denied the effective assistance of counsel because his attorney did not file a notice of appeal after Arrington had instructed him to do so. As a result of this alleged error, Arrington filed his own *pro se* notice of appeal which was denied as untimely. *Petition,* at 4, 6.

**II.**

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *Id.* To prevail on a § 2255 claim, the petitioner must show a fundamental defect in the proceedings "which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Nagi v. United States,* 90 F.3d 130, 133-34 (6th Cir. 1996) (quoting *Gall v. United States,* 21 F.3d 107, 109 (6th Cir. 1994)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom it is assigned to promptly make a preliminary examination of the petition, records, and transcripts relating to the judgment under attack. Rule 4(b) provides in pertinent part as follows:

2

> If it plainly appears from the face of the motion and any annexed
> exhibits and the prior proceedings in the case that the movant is not
> entitled to relief in the district court, the judge shall make an order
> for its summary dismissal and cause the movant to be notified.
> Otherwise, the judge shall order the United States Attorney to file
> an answer or other pleading within the period of time fixed by the
> court or to take such other action as the judge deems appropriate.

*Id.* The Court has promptly examined the § 2255 Petition, the record in the underlying criminal case, and the case law and finds that it plainly appears that Arrington is not entitled to relief in the district court for the following reasons.

### III.

Claims of ineffective assistance of counsel are analyzed under the standard enunciated in *Strickland v. Washington,* 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, Arrington must establish two elements: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's deficiency, the outcome of the proceedings would have been different. *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003) (citing *Strickland*, 466 U.S. at 689). A review of counsel's performance must be highly deferential and requires the Court to "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Monzo v. Edwards,* 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Strickland,* 466 U.S. at 689).

In his first and only ground for relief, Arrington argues that he was denied the effective assistance of counsel because his attorney did not file a notice of appeal pursuant to Arrington's instruction. As a result of this alleged error, Arrington filed his own *pro se* notice of appeal which was denied as untimely. *Petition,* at 4, 6.

3

Any right, even a constitutional right, may be waived by means of a plea agreement. *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). In order for the waiver to be valid, the defendant must have entered into the agreement knowingly and voluntarily. *Id*. at 764. On September 15, 2003, Arrington signed a written plea agreement in which he expressly waived his rights to appeal his conviction or sentence with the exception of any punishment in excess of the statutory maximum and any punishment to the extent it constitutes an upward departure from the Guidelines range deemed most applicable by the Court. *Plea Agreement* ¶ 26. The agreement also permitted challenges based on ineffective assistance of counsel or prosecutorial misconduct. *Id*. None of these exceptions is raised by Arrington as grounds for requesting his attorney to file the notice of appeal.

Before accepting a guilty plea, the Court must inform the defendant of and determine that he understands the terms of any appellate-waiver provision in the plea agreement. FED. R. CRIM. P. 11(b)(1)(N); *United States v. McGilvery,* 403 F.3d 361, 363 (6th Cir. 2005) (enforcing appellate-waiver provision in the plea agreement where the district court ascertained that the defendant understood that provision); *United States v. Murdock,* 398 F.3d 491, 495-96, 499 (6th Cir. 2005) (finding that the district court's failure to inquire into the defendant's understanding of the appellate-waiver provision of his plea agreement rendered the waiver unenforceable).

At the change of plea hearing, the district court explained the terms of the appellate-waiver provision to Arrington and insured that Arrington understood that provision. *See Change of Plea Hr'g Tr.*, at 36-37. "[T]here is nothing in the record to suggest that . . . [the] defendant misunderstood the scope of his waiver of appellate rights." *McGilvery*, 403 F.3d at 363 (citing *United States v. Calderon,* 388 F.3d 197, 198-200 (6th Cir. 2004)). Accordingly, the Court finds that the

appellate-waiver provision in Arrington's plea agreement is enforceable.[1]  Because Arrington was not permitted to appeal his conviction or sentence in the absence of certain limited circumstances, his counsel's failure to file a notice of appeal clearly did not fall below an objective standard of reasonableness.  Accordingly, Arrington does not satisfy the first prong of *Strickland*.

### IV.

The Court's prompt review of the § 2255 Motion, the record in the underlying criminal case and the law plainly dictate that Arrington is entitled to no relief in the district court.  Accordingly, Petitioner Michael Arrington's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **(ECF No. 1)** is hereby **DENIED** and the case is summarily dismissed under Rule 4(b).

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster 8/2/2005*
**Dan Aaron Polster**
**United States District Judge**

---

[1] Arrington does not even raise the waiver of appeal issue in the instant petition.